## Samuel Barnett, Appellee, v. Thomas Stanton and Jacob Feder, Appellants.

### Gen. No. 21,892. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. P. B. FLAN-AGAN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 18, 1917.

### Statement of the Case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Barnett v. Stanton et al., 205 Ill. App. 382.

the sum of $8,900.    From a judgment for plaintiff, defendants appeal.

BARNHARDT & STAFFORD and C. D. LEE, for appellants.

SONNENSCHEIN, BERKSON & FISHELL, for appellee.

MR. JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1.   VENDOR AND PURCHASER, § 352*—*when parol evidence is inadmissible to vary contract.*  Where a contract for the sale and purchase of certain real estate was by its terms to be held by a certain third party therein named and permanently retained by him after consummation of the sale, and who was directed therein to apply the earnest money paid, if same should be retained as therein provided, in a specified manner, evidence that it was not the intention of the parties that the contract should be binding until certain information had been received by one of them, *held* inadmissible, in an action to recover damages for breach of such contract, as varying its terms by a parol agreement.

2.   VENDOR AND PURCHASER, § 351*—*what evidence is inadmissible under affidavit of merits in action for damages for refusal to sell property.*  In an action to recover damages for defendants' breach of a contract with plaintiff for the sale by defendants to plaintiff of certain real estate, where defendants' affidavit of merits stated plaintiff had not done and performed everything required of him by the contract and had not been ready, willing and able to pay defendants any balance of the purchase price or tendered any purchase price, evidence that plaintiff refused to take the property on account of the amount of special assessments due, *held* to be evidence of an anticipatory breach not covered by said affidavit and properly excluded.

3.   TRIAL, § 91*—*when exclusion of evidence is proper.*  Where objection to a question was withdrawn and the party's attorney stated that the evidence simply should not be stricken out and the witness was allowed to answer, *held* that there was no assignable error in the court excluding the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. Appeal and error—*when discussion of evidence is harmless error.* Discussion in the presence of the jury with reference to the admission of certain evidence which was properly excluded, *held* not to be prejudicial.

5. Municipal Court of Chicago, § 4*—*when judge of County Court may preside.* Under the Municipal Court Act, the judge of a County Court may preside in the Municipal Court.